# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF<br><br>vs.<br><br>ANTHONY W. NELSON,<br><br>DEFENDANT | Case No. 11-10128-01-EFM |

## ORDER

Defendants Charles Stanford and Anthony Nelson ("Defendants") move for the Court to reconsider their motions to compel (1) information regarding the decision to locate the Bandit Trading undercover operation at the intersection of Central and Volutsia; and (2) names of individuals who could have been, but were not, charged in federal court in connection with the Bandit Trading undercover operation or who were charged in state court. They also move for reconsideration of their motions for the production of two witnesses—ATF agents Matthew Lynch and Michael Jones—pursuant to Rule 17(b) of the Federal Rules of Criminal Procedure.

The matter originally came before the Court for a joint hearing on February 27th, 2012. Because Defendants did not make the required showings to satisfy their motions, the Court denied Defendants' motions to compel and their motions for the production of witnesses. Defendants now request that the Court reconsider its rulings. In support of this request, Defendants make additional

arguments regarding the case law previously addressed, and provide additional data and affidavit evidence.

I.      **Plaintiffs have not presented appropriate grounds for reconsideration.**

The Court has discretion whether to grant a motion to reconsider.[1] The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice.[2] A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed.[3] Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.

Here, Defendants fail to show an intervening change in controlling law, the availability of new evidence, or the need to correct clear error. Defendants primarily attempt to dress up and rehash arguments previously raised. Although Defendants submit some additional evidence, that evidence could have been presented originally. Moreover, the Court finds that even if this evidence were unavailable before, it still falls short. Defendants' motions to reconsider are denied.

---

[1] *See Hancock v. City Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[2] *See Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981); *Burnett v. W. Res. Inc.*, 929 F. Supp. 1349, 1360 (D. Kan. 1996).

[3] *See Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994).

**IT IS ACCORDINGLY ORDERED** that Defendant's Motion to Reconsider (Doc. 40) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 13th day of April, 2012.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE